# UNITED STATES DISTRICT COURT
for the Southern District of New York

JUDGE JONES

JOHN CLEMENTS,

Plaintiff,

V.

NATIONAL RAILROAD PASSENGER CORPORATION,
AMTRAK POLICE OFFICER DARYL EVANS #412,
individually and in his capacity as a person employed by the
NATIONAL RAILROAD PASSENGER CORPORATION;
and JOHN/JANE DOES 1-10 (persons employed by the
NATIONAL RAILROAD PASSENGER CORPORATION,

Defendants.

Civil Action No. 10 CIV 6662

## SUMMONS IN A CIVIL ACTION

TO: (Name and address of defendant)

National Railroad Passenger Corporation
Mr. Tom Pazsik
Manager, Claims Services
Amtrak
400 West 31st Street
PSCC Building
New York, New York 10001

Amtrak Police Officer Daryl Evans #412
Mr. Tom Pazsik
Manager, Claims Services
Amtrak
400 West 31st Street
PSCC Building
New York, New York 10001

John/Jane Does 1-10
(persons employed by
the National Railroad
Passenger Corporation),
Mr. Tom Pazsik
Manager, Claims Services
Amtrak
400 West 31st Street
PSCC Building
New York, New York 10001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Law Offices of Steven Epstein
215 Hilton Avenue
PO Box 1200
Hempstead, New York 11551-1200

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: SEP 08 2010

_Signature of Clerk or Deputy Clerk_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

10 CIV 6662

JOHN CLEMENTS,

          Plaintiff,

-against-

NATIONAL RAILROAD PASSENGER
CORPORATION; AMTRAK POLICE OFFICER
DARYL EVANS #412, individually and in his
capacity as a person employed by the NATIONAL
RAILROAD PASSENGER CORPORATION; and
JOHN/JANE DOES 1-10 (persons employed by the
NATIONAL RAILROAD PASSENGER
CORPORATION,

          Defendants.
------------------------------------------------------------X

**COMPLAINT AND
JURY DEMAND**

Case No.



RECEIVED
SEP 0 6 2010
U.S.D.C. S.D. N.Y.
CASHIERS

The Plaintiff, JOHN CLEMENTS, through his attorney the Law Offices of Steven Epstein, and complaining of the Defendants herein, alleges as follows:

### INTRODUCTION

1. This is an action for money damages brought under the laws of the United States and pendent state claims under, 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution arising from the false arrest, wrongful imprisonment and malicious prosecution of JOHN CLEMENTS (the "Plaintiff" herein), by the Defendants, NATIONAL RAILROAD PASSENGER CORPORATION ("Amtrak"); AMTRAK POLICE OFFICER DARYL EVANS #412 ("OFFICER EVANS"), individually and in his capacity as a person employed by AMTRAK; and JOHN/JANE DOES 1-10 (collectively referred to herein as the "Defendants"), all in violation of Plaintiff's constitutional rights.

2. It is alleged that Officer Evans made an unreasonable arrest and seizure of the person of Plaintiff, violating his rights under the laws of the State of New York, and the Fourth and Fourteenth Amendments to the United States Constitution, and that these Defendants initiated a criminal action against the Plaintiff without probable cause and maliciously continued a criminal action against Plaintiff unlawfully, which action was terminated in Plaintiff's favor, violating his rights under the laws of the State of New York and the Fourth and Fourteenth Amendments to the United States Constitution. Amtrak failed to exercise reasonable care in hiring, retaining and supervising its Police Officers. It is further alleged that these violations and torts were committed as a result of policies and customs of Amtrak.

## PARTIES

3. Plaintiff is a citizen of the United States, and a resident of the State of New York, Nassau County.

4. At all times herein mentioned, defendant, NATIONAL RAILROAD PASSENGER CORPORATION, hereinafter "AMTRAK", was a corporation organized and existing in the District of Columbia pursuant to Congressional Legislation and authorized to do business within the jurisdiction of this Court and in various other States.

5. At all times herein mentioned, AMTRAK was a common carrier by rail, engaged in interstate commerce by rail and operated a system of railroads, railroad stations and railroad yards within the jurisdiction of this Court.

6. Upon information and belief, at all times herein mentioned the defendant was and still is engaged in, inter alia, operating passenger/commuter railway trains, with a railway station situated at Pennsylvania Station, New York, New York.

7. For the purpose of operating the said railway(s), defendant at all times hereinafter mentioned, owned, operated, leased, maintained, managed and/or controlled Pennsylvania Station, New York, NY and more particularly the bathrooms at Pennsylvania Station, New York, New York

8. The defendant, Amtrak is a corporation within the State of New York, with a principal place of business located in New York, New York and at all times relevant hereto, for the protection of its property and the general public at large, employed defendant Police Officer Evans.

9. At all times relevant hereto, John/Jane Does 1-10 were police officers employed by AMTRAK.

## FACTS

10. On September 10, 2009, Plaintiff was present and accompanied by his wife, Stacey Clements ("Mrs. Clements") at Pennsylvania Station, located at 234 West 33rd Street, New York, NY ("Penn Station").

11. Mrs. Clements, who was intoxicated at the time, went inside of a bathroom located inside of Penn Station.

12. Mrs. Clements was inside of the bathroom for a considerable amount of time when Plaintiff became concerned for her safety.

13. The Plaintiff attempted to call for his wife from outside of the restroom, which had no door and received no response.

14. Concerned for her safety, Plaintiff entered the restroom to ensure that she was safe.

15. Officer Evans detained Plaintiff who informed him of the reason he went inside of the bathroom.

16. Officer Evans disregarded Plaintiff, detained him, handcuffed him and arrested him.

17. A criminal action was commenced against Plaintiff by service upon him of Summons Number 428306195-5, issued by Officer Evans.

18. Plaintiff was made to appear in New York City Criminal Court on November 4, 2009 in Part APAR6.

19. All charges were dismissed by the Court on November 4, 2009.

## JURISDICTION

20. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1342(1)-(4) and the aforementioned statutory and constitutional provisions. The Plaintiff further invokes the pendent jurisdiction of this court over claims arising under New York State law.

## VENUE

21. Venue is proper in this case pursuant to 28 U.S.C. § 1391 (b).

### AS AND FOR A FIRST CAUSE OF ACTION

22. The allegations set forth in paragraphs "1" through "21" inclusive are incorporated herein as if fully set forth.

23. On or about September 10, 2009, at app12:25 a.m., PO Evans commenced a prosecution against Plaintiff without probable cause or justification, causing Plaintiff to be detained and held in a holding cell at Penn Station for a period of time, which said prosecution was instituted and continued with malice and bad faith and deliberate indifference to Plaintiff's rights.

24. That said malicious prosecution was terminated in favor of Plaintiff with all charges being dismissed on November 4, 2009.

25. AMTRAK is liable for the unconstitutional and illegal acts of P.O. Evans who were acting within the scope of their employment, under the doctrine of *respondeat superior*.

26. As a direct and proximate result of the malicious prosecution by Defendants, Plaintiff was caused to sustain great pain and mental anguish, and was greatly humiliated and injured in his reputation and pecuniary damages and legal costs, all to the Plaintiff's damage in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

27. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

28. The allegations set forth in paragraphs "1" through "27" inclusive are incorporated herein as if fully set forth.

5

29. AMTRAK failed to exercise reasonable care in hiring its Police Officers; therefore, breaching their duty to the Plaintiff as well as to the Public to exercise reasonable care in their hiring of employees.

30. AMTRAK should have known for the propensity for P.O. Evans to commit injurious acts.

31. AMTRAK was also negligent in failing to properly train and supervise its employees.

32. As a direct and proximate result from the negligent hiring, retention, and supervision by AMTRAK, Plaintiff was caused to suffer great pain and mental anguish, and was greatly humiliated and injured in his reputation, as well as pecuniary damages and legal costs, all to the Plaintiff's damage in the sum of FIVE HUNDRED THOUSAND ($500,000.00).

33. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION

34. The allegations set forth in paragraphs "1" through "33" inclusive are incorporated herein as if fully set forth.

35. PO Evans intended to cause the confinement of Plaintiff without a lawful warrant and without probable cause.

36. The Plaintiff was aware of his confinement and did not consent to such confinement.

37. The Plaintiff's confinement was without legal justification.

38. AMTRAK is liable for the acts of PO Evans, done within the scope of his employment, under the doctrine of *respondeat superior*.

39. As a direct and proximate cause of the Plaintiff's confinement by P.O. Evans, Plaintiff was caused to suffer great pain and mental anguish, great humiliation, and further pecuniary damages and legal costs, all to the Plaintiff's damage in the amount of FIVE HUNDRED THOUSAND ($500,000.00).

40. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

41. The allegations set forth in paragraphs "1" through "40" inclusive are incorporated herein as if fully set forth.

42. This cause of action is for money damages set forth under 42 U.S.C. § 1983 against Defendants for violation of his constitutional rights under color of law.

43. On or about September 10, 2009, at Penn Station at approximately 12:25 a.m, PO Evans caused the arrest of Plaintiff without probable cause, legal justification, privilege or consent.

44. Plaintiff was falsely arrested and detained, without a lawful warrant, without probable cause, and without legal justification, for a period of time on September 10, 2009, when he was released and the criminal action continued against him until November 4, 2009.

45. The arrest and imprisonment of Plaintiff, without a lawful warrant and without probable cause, was an abuse of power on the part of PO Evans. Such abuse of

power constituted a seizure under the Fourth Amendment of the US Constitution. PO Evans' deliberate acts violated Plaintiff's right not to be seized unlawfully.

46. PO Evans' actions were at all times hereto in violation of Plaintiff's constitutional rights and under color of law.

47. PO Evans' deliberate and unlawful acts were the direct and proximate cause of Plaintiff sustaining physical, mental, and emotional injury. The deprivation of liberty was in direct violation of Plaintiff's Fourth and Fourteenth Amendments thereof and 42 U.S.C. § 1983 and § 1988.

48. AMTRAK is responsible for these deliberate and unconstitutional actions through the doctrine of *respondeat superior*.

49. As a proximate result of the false arrest and imprisonment of the Plaintiff caused by PO Evans, the Plaintiff was caused to suffer great pain and mental anguish, and was greatly humiliated and injured in his reputation, and further pecuniary damages and legal costs, all to the Plaintiff's damage in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

50. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION

51. The allegations set forth in paragraphs in "1" through "50" inclusive are incorporated herein as if fully set forth.

52. This cause of action is for money damages set forth under 42 U.S.C. § 1983 against Defendants for violation of his constitutional rights under color of law.

8

53. On or about September 10, 2009, at approximately 12:25 a.m., PO Evans caused to be commenced and continued a prosecution of Plaintiff without probable cause or justification, causing Plaintiff to be detained for a continuous period of time on September 10, 2009, when he was released and the criminal action continued against him until November 4, 2009. Said prosecution was instituted and continued with malice and bad faith and deliberate indifference to Plaintiff's rights, affected by fraud and misstating evidence.

54. That said malicious prosecution was terminated in favor of Plaintiff with all charges being dismissed on November 4, 2009.

55. In forcing the Plaintiff to succumb to a prosecution and the legal process, without probable cause or legal justification and with malice and bad faith, PO Evans deprived Plaintiff of his constitutional rights under the US Constitution, in particular the Fourth and Fourteenth Amendments and his rights under the Constitution and the laws of the State of New York.

56. At all relevant times hereto, the aforementioned acts of PO Evans were in violation of Plaintiff's constitutional rights and under the color of state law and within the scope of his employment.

57. AMTRAK is liable for the acts of PO Evans under the doctrine of *respondeat superior*.

58. As a direct and proximate result of PO Evans' depriving Plaintiff of his constitutional rights, Plaintiff was caused to sustain great pain and mental anguish, and was greatly humiliated and injured in his reputation, and pecuniary damages and legal

costs, all to the Plaintiff's damage in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

59. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

### TRIAL BY JURY

60. Plaintiff hereby requests a trial by jury.

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

a.. award compensatory damages on each cause of action in the amount of FIVE HUNDRED THOUSAND ($500,000.00) to Plaintiff against the Defendants, jointly and severally;

b. award punitive damages against the Defendants, jointly and severally;

c. award costs for this action to the Plaintiff;

d. award reasonable attorney's fees and costs to the Plaintiff;

e. award such other and further relief as this Court may deem appropriate.

Dated: Hempstead, New York
       September 3, 2009

STEVEN EPSTEIN
(SBE 4895)
Attorney for Plaintiff
JOHN CLEMENTS
215 Hilton Ave
Hempstead, New York 11551
(516) 292-2700

Index No.                    Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CLEMENTS,

Plaintiff

-against-

NATIONAL RAILROAD PASSENGER CORPORATION; AMTRAK POLICE OFFICER DARYL EVANS #412, individually and in his capacity as a person employed by the NATIONAL RAILROAD PASSENGER CORPORATION; and JOHN/JANE DOES 1-10 (persons employed by the NATIONAL RAILROAD PASSENGER CORPORATION),

Defendants.

## COMPLAINT AND JURY DEMAND

STEVEN B. EPSTEIN, ESQ.
Attorney for Plaintiff

215 Hilton Avenue
P.O. Box 1200
Hempstead, NY 11551-1200
(516) 292-2700

Attorney(s) for

To

Service of a copy of the within

Dated,                                    is hereby admitted.

Attorney(s) for

---

PLEASE TAKE NOTICE

☐ that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on

☐ that an Order of which the within is a true copy will be presented for settlement to the Honorable _____ one of the judges of the within named Court, at _____ on _____, at

Dated:

STEVEN B. EPSTEIN, ESQ.
Attorney for

215 Hilton Avenue
P.O. Box 1200
Hempstead, NY 11551-1200

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:
                    _____
                    Print signer's name

STEVEN B. EPSTEIN, ESQ.
Attorney for

215 Hilton Avenue
P.O. Box 1200
Hempstead, NY 11551-1200

To

Attorneys for